# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Kenneth L Bledsoe and Dayna Y Bledsoe,<br><br>Debtor(s). | C/A No. 16-01283-JW<br><br>Chapter 13<br><br>**ORDER** |

This matter is before the Court on Debtors' Objection to Proof of Claim filed by Bank of the West ("Creditor"). Debtors allege that Creditor's Proof of Claim is improper as the Creditor violated the South Carolina Commercial Code. A hearing was held on Debtor's objection. Based on the pleadings and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. On May 1, 2007, Debtors entered into a retail installment contract and security agreement with Creditor for the purchase of a 2006 Winnebago recreation vehicle ("RV").

2. In 2012, due to Debtors' failure to make payments as agreed to in the installment contract, Creditor repossessed and disposed of RV for $39,000.

3. On April 18, 2016, in response to Debtors' Chapter 13 petition, Creditor filed its Proof of Claim for $52,171.46 ("Claim"), which represents the deficiency between Debtors' account balance with Creditor and the proceeds from disposal of RV.

4. On May 9, 2016, Debtors filed an objection to Creditor's Claim.

5. Neither the Trustee nor Creditor filed a Response to Debtors' objection to Creditor's Claim.

6. At the hearing, Debtors testified that neither had received prior notice of RV

1

sale; that RV was in excellent condition at the time of repossession; and that based on Debtors' internet search, the current NADA retail value of a similarly equipped 2006 RV is $62,000, leading Debtors to deduce that RV's value was at least $62,000 in 2012 when it was disposed of by Creditor for $39,000.

## CONCLUSIONS OF LAW

Debtors base their objection on several statutes of the South Carolina Commercial Code, including S.C. Code Ann. § 36-9-611, which requires Creditor to give notice to Debtor prior to collateral disposition.

### I.    Notice Required by S.C. Code Ann. § 36-9-611

Unless a debtor waives his right to notification, for collateral other than that which is perishable, subject to rapid decline, or of the type sold on a recognized market, "a secured party that disposes of collateral [after default] shall send to [debtor] a reasonable authenticated notification of disposition." S.C. Code Ann. § 36-9-611 (2012). For consumer goods, a reasonable time for prior notice is a question of fact. S.C. Code Ann. § 36-9-612 (2012). Based on the uncontroverted testimony of Debtors, this Court finds that Creditor did not provide notice as required under South Carolina law.[1]

---

[1] Debtors also alleged that Creditor failed to dispose of collateral in a commercially reasonable manner as required by S.C. Code Ann. § 36-9-627. "The fact that a greater amount could have been obtained by a … disposition … at a different time or in a different method … is not of itself sufficient to preclude the secured party from establishing that the … disposition … was made in a commercially reasonable manner." S.C. Code Ann. § 36-9-627(a) (2012). Furthermore, South Carolina's Commercial Code lists several factors to assist a court in determining whether a disposition is commercially reasonable. S.C. Code Ann. § 36-9-627(b) (2012). With the exception of the disposition price, neither Creditor nor Debtors provided evidence as to the manner of the disposition to assist this Court in determining whether the disposition was commercially reasonable.

## **CONCLUSION**

Under S.C. Code Ann. § 36-9-625, when "it is established that a secured party is not proceeding in accordance with this chapter, a court may … restrain collection … on appropriate terms and conditions." S.C. Code Ann. § 36-9-625(a) (2012). Therefore, applying South Carolina law to the Court's findings, this Court holds that Creditor's Claim is disallowed.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
July 19, 2016

**FILED BY THE COURT
07/19/2016**



Entered: 07/20/2016

US Bankruptcy Judge
District of South Carolina

3